## SAMUEL B. ALTHAUSE and NICHOLAS LUDLUM *v.* EDWARD WARREN.

The right to acquire a lien under the act of 1851, "for the better security of mechanics and others," is not lost by taking the promissory note of the debtor and giving, thereupon, an ordinary receipt acknowledging payment for the value of work or materials for which a claim is made. *Per* DALY, J., *at nisi prius.* (a)

The right to *enforce* the lien, merely, is suspended until the maturity of the note. *Ib.*

In an action instituted under the provisions of the mechanics' lien law, the judgment must be special, even in case the claim arises, directly, upon an original contract between the plaintiff and the owner of the building whereon the lien has been effected.

The proceeding is analogous to a proceeding to foreclose a mortgage.

Accordingly, although the owner, being prosecuted under that statute, puts his indebtedness in issue, so that the same, as well as the existence of the lien, is .determined by the trial; yet the judgment cannot be against the owner generally, but must direct a sale of his interest in the specific premises upon which the lien exists, to the extent of his right at the time the notice was filed, and must provide that the proceeds be applied to the payment of the costs and the amount found due, with interest—that the residue of such proceeds, if any, be paid to the county clerk to abide the further order of the court—and that, in case of a deficiency, the sheriff certify the amount in his report of sale, and that the claimant have execution therefor.

Form of a judgment or decree, as settled and approved in this case.

SPECIAL TERM, JUNE, 1856.

Before DALY, J.

THIS was a proceeding under the "act for the better security of mechanics and others erecting buildings and furnishing materials therefor, in the city and county of New York," passed July 11, 1851, and amended April 13, 1855.

(a)`See *Teaz* v. *Chrystie, ante,* p. 621.

The defendant, Edward Warren, being the owner of lease-hold property, situate at numbers 252 and 254 Greenwich street, whereon he was erecting two stores, contracted with the plaintiffs, under the firm name of S. B. Althause & Co., to furnish the iron work required in the buildings. Upon the completion of the work by the plaintiffs, in conformity with their contract with the defendant, the former took from the latter his two promissory notes for the contract price, and gave him an ordinary receipt in full, at the foot of their bill as rendered. The notes were dated August 27, 1855, and were payable, one, for $1,500, ninety days after date, and the other, for $1,968 31, four months after date.

The first note having matured and remaining unpaid, the contractors, on the fifth of December, 1855, filed with the county clerk the notice prescribed in the sixth section of the act of 1851, for the purpose of effecting a lien upon the premises for the value of the iron and labor, "performed and furnished by them, by virtue of a contract with the owner."

After the maturity and non-payment of the second note, the contractors served upon the owner, under the fourth section, a notice to appear in this court, and submit to an accounting and settlement; in pursuance of which notice all the parties duly appeared by attorney. The usual order for the joining of issues and for the service of pleadings was entered, and the cause proceeded to issue upon complaint and answer.

The answer averred, first, payment; and secondly, that before proceedings had been commenced to foreclose the lien, the defendant had conveyed the premises to one Henry Warren.

On the trial, the defendant insisted that the acceptance of the notes and the receipt in full amounted to a payment of the contract price, and worked a waiver of the right to a lien; that Henry Warren, therefore, took the property unincumbered with the lien.

The cause was tried before DALY, J., without a jury, and

Althause *v.* Warren.

the court, held, in substance, that the notes of the owner for his own debt did not constitute an absolute payment, but merely suspended the right of action until their maturity ; that taking such notes did not divest the contractors of the right to *acquire* a lien, even before their maturity, but merely suspended the right to *enforce* it; and that the conveyance of the premises by the owner to a third party, after the notice had been filed, did not affect the right of the lienor to enforce the lien upon the non-payment of the notes at maturity.

Judgment was accordingly directed in favor of the plaintiffs.

The counsel for the respective parties thereupon attended before the same judge, at the special term held in June, 1856, to settle the form of the judgment or decree to be entered in the cause, upon such settlement.

*Andrew Boardman,* for the contractors, (plaintiffs,) contended, that, inasmuch as the question of debt or no debt, as well as that of lien or no lien, had been put in issue, and the owner and contractor met in the same person, the plaintiffs were entitled to docket a personal—as well as lien—judgment; that otherwise, in pursuing their remedy under the lien in this case—it appearing that there was a large prior mortgage, as well as also a prior lien—the claimants might lose their claim ; that the lien might ultimately prove worthless; that the defendant, in the mean time, might dispose of his property other than his interest in the premises in question, and thus the law, instead of affording "better security" to the plaintiffs, would have operated only to induce them, in reliance upon their lien, to neglect the prosecution of their claim in an ordinary action, which would have reached the general property of the defendant.

*Henry R. Pierson,* for the owner, (defendant,) maintained, that a special decree must be entered, and that the court could not direct a general personal judgment in the cause.

DALY, J., sustained, substantially, the principles stated in the third, fourth and fifth of the reporter's head notes to this case. No written opinion was filed.

The following, with some modifications, is a copy of the judgment. or decree, drafted by the plaintiffs' counsel, in accordance with the decision, and finally settled by the judge.

"At a special term of the Court of Common Pleas, for the city and county of New York, at the City Hall of the city of New York, the twenty-eighth day of June, in the year one thousand eight hundred and fifty-six:

"Present, Hon. CHARLES P. DALY, Judge.—Title of the cause.—"This action having been commenced to recover from the defendant the sum of three thousand four hundred and forty-one dollars and eighteen cents, with interest thereon from the twenty-seventh day of August, one thousand eight hundred and fifty-five, for work and labor done and materials furnished by the plaintiffs to the defendant towards the erection of two buildings on two lots of ground situate in the third ward of the city of New York, on the westerly side of Greenwich street, and known as numbers 252 and 254 in said street, and hereinafter more particularly described, of which lots the said defendant was the lessee, and to foreclose the lien which the plaintiffs had acquired for said sum, on the said lots and the said buildings thereon erected, pursuant to the statute in such case made and provided, such lien being filed by the above named plaintiffs in the office of the clerk of the city and county of New York, on the fifth day of December, in the year one thousand eight hundred and fifty-five, against the above named defendant, as lessee as aforesaid, such proceedings were thereupon had that the defendant was brought before this court, and duly appeared in this action, and the plaintiffs served their complaint, and. the defendant answered thereto; whereupon, issue being joined between the parties, the said issues came on to be tried by consent of the respective parties, at a special term of this court, held before the Honorable CHARLES P. DALY, one of

the judges of this court, at the City Hall of the city of New York, on the tenth day of June, one thousand eight hundred and fifty-six, whereupon the said court, after hearing the testimony of the respective parties and their respective counsel, then and there decided the whole of the said issues for the plaintiffs, and ordered judgment for the plaintiffs.

" Now, upon motion of Benedict and Boardman, attorneys for the plaintiffs, it is adjudged and decreed, that the defendant, Edward Warren, is indebted to the plaintiffs, Samuel B. Althause and Nicholas Ludlum, in the sum of three thousand six hundred and thirty-two dollars and forty cents, together with the sum of one hundred and forty-eight dollars and eighty-one cents, costs and disbursements, duly adjusted by the clerk of this court, amounting, altogether, to the sum of three thousand seven hundred and eighty-one dollars and twenty-one cents.

" And it is further ordered, adjudged and decreed, that the said plaintiffs have a good, valid and subsisting lien on the said lots and buildings for the said amount, with interest thereon, and to secure the payment thereof to the extent of the right, title and interest which the said defendant, Edward Warren, had on the fifth day of December, one thousand eight hundred and fifty-five, in the two buildings and lots of land, and appurtenances thereto belonging, situated, &c. [Here follows a description of the premises by metes and bounds.]

" And that the said judgment be duly entered on the lien docket of this court, pursuant to the statute in such case made and provided. " And it is further ordered, adjudged and decreed, that the interest which the said Edward Warren had on the said fifth day of December, one thousand eight hundred and fifty-five, be sold by the sheriff of the city and county of New York, to the extent of the right which the said defendant had at that time in the said premises and buildings, subject to any prior liens existing thereon; that the proceeds of such sale shall be applied by said sheriff to the payment, to the plaintiffs, of their costs and of the amount

found due as aforesaid, and that the residue of such proceeds of said sale be paid to the clerk of the city and county of New York, to abide the further order of this court.

"It is further ordered and adjudged, that the said sheriff make a report of such sale, and file it with the clerk of this court with all convenient speed; and that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiffs, with interest and costs as aforesaid, the said sheriff shall specify the amount of such deficiency in his report of sale, and that the plaintiffs have execution therefor."